UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SMILEY JAMES HARRIS
a/k/a JAMES LaVELL HARRIS,

    Plaintiff,

v.

LAKE COUNTY JAIL; et al.,

    Defendants.
                            /

No. C 09-4470 SI (pr)

**ORDER OF DISMISSAL**

## INTRODUCTION

Smiley James Harris a/k/a James LaVell Harris filed a pro se civil rights action under 42 U.S.C. § 1983. Harris was in jail at the time he filed his complaint but later was released. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

In his complaint, Harris alleged that his time credits had been computed improperly. As a result of the computation error, he faced the prospect that he *might be* released from custody later than he would be if the credits were computed properly. He alleged that jailers had calculated his release date without including in their calculations 24 days of time credits the state court had ordered for him. At the time he filed his complaint in this action, Harris had 56 days to serve before his November 10, 2009 scheduled release date.[1]  In his prayer for relief, Harris requested "the recomputation of [his] release date" and damages. Complaint, p. 3.

---

[1] At page 2 of his habeas petition in Harris v. State of California, Case No. C 09-2829 SI, Harris listed his scheduled release date as November 10, 2009.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

If a state prisoner's time credits have been improperly computed, he may have a claim for denial of due process, see Haygood v. Younger, 769 F.2d 1350, 1355-58 (9th Cir. 1985) (en banc).

The complaint must be dismissed for two separate reasons. The first reason the case must be dismissed is that Harris cannot challenge the computation of his time credits in a civil rights action. A petition for writ of habeas corpus is the exclusive method by which a person may challenge in this court the fact or duration of his confinement. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). A claim that the prisoner's time credits have been improperly calculated must be brought in a habeas petition because the claim is one that will affect the duration of his confinement. See Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990); Toussaint v. McCarthy, 801 F.2d 1080, 1096 n.14 (9th Cir. 1986). A civil rights complaint is the wrong pleading to seek the equitable relief Harris requests.

The court under normal circumstances would dismiss the civil rights complaint without prejudice to Harris filing a habeas petition after he exhausts state court remedies for his claims. Due to the passage of time, however, Harris no longer can file a habeas petition because his claim is now moot. Regardless of whether his jail term ended on time or 24 days later than it should have, he has been released from custody and his claim has become moot. See generally Spencer v. Kemna, 523 U.S. 1 (1998). Even if Harris prevailed on his claim that jail officials miscalculated his release date, there now is no point in ordering them to recalculate a release date because Harris already has been released from jail. This same mootness problem

1 would exist even if a civil rights action was the proper vehicle to challenge the calculation of
2 time credits: there is nothing against which to issue an injunction at this point in time.

3       The second reason the civil rights complaint must be dismissed is that Harris' damages
4 claim was not ripe at the time he filed this action.  "The ripeness doctrine prevents courts,
5 through avoidance of premature adjudication, from entanglement in theoretical or abstract
6 disagreements that do not yet have a concrete impact on the parties." 18 Unnamed "John Smith"
7 Prisoners v. Meese, 871 F.2d 881, 883 (9th Cir. 1989).  To determine whether an issue is ripe
8 for adjudication, the court considers the fitness of the issue for judicial decision and the hardship
9 to the parties of withholding court review.  Id.  "A claim is 'fit for decision if the issues raised
10 are primarily legal, do not require further factual development, and the challenged action is
11 final.'" Exxon Corp. v. Heinze, 32 F.3d 1399, 1404 (9th Cir. 1994) (citations omitted).  An issue
12 is not ripe for adjudication if it depends on "'contingent future events that may not occur as
13 anticipated, or indeed not occur at all.'"  18 Unnamed John Smith Prisoners, 871 F.2d at 883
14 (quoting Thomas v. Union Carbide Agriculture Products, 473 U.S. 568, 580-81 (1985)).  When
15 he filed this action, Harris had not been detained beyond the end of his sentence, regardless of
16 whether he was correct in his assertion that he should receive an additional 24 days of time
17 credits.  His scheduled release date of November 10, 2009 was still 56 days away when he filed
18 this action.  If he was supposed to be released 24 days earlier as he contends here, he still had
19 32 days to go before he would be detained beyond the end of his sentence and might suffer
20 damages.  His damages claim was speculative and depended on future events that might not
21 occur as anticipated.  Therefore the damages claim was not ripe and must be dismissed.  If it
22 turned out that Harris was kept beyond the end of his term, he may have a claim for damages but
23 the possibility that one might in the future be damaged does not allow one to sue for damages
24 before the constitutional violation occurs and the harm occurs .

25       Even though it is too late for any equitable relief with regard to the sentence computation
26 and even though the damages claim was unripe, Harris might be able to file a new action for
27 damages.  By now, it is certain whether his release date was delayed by the alleged improper
28 calculation of time credits and a claim for damages (if one exists at all) would be ripe.  The

3

dismissal of this action will be without prejudice to Harris filing a new action <u>if</u> his release was delayed by improper calculation of time credits and if he suffered damages therefrom.

## CONCLUSION

For the foregoing reasons, the complaint is dismissed is dismissed without prejudice to plaintiff filing a new action for damages if he has suffered damages. The clerk shall close the file.

IT IS SO ORDERED.

Dated: Aprl 1, 2010

_____
SUSAN ILLSTON
United States District Judge